IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT – EASTERN DIVISION

| | |
|---|---|
| **FLAVA WORKS, Inc.** <br>     Plaintiff <br>     v. <br> **GREGORY TERRY** <br>     Defendant | **12 cv 1884** <br> Judge Sharon Johnson Coleman |

**DEFENDANT'S REPLY RE:
MOTION TO TRANSFER**

**Motion to Dismiss for Lack of Personal Jurisdiction**

Plaintiff contends that FRCP 12(h) compels the conclusion that Defendant Terry has waived any objection to personal jurisdiction by failing to assert it in a motion separate from his answer. The Rule, however, says no such thing; the assertion of lack of personal jurisdiction by motion is expressly permissive. The rule reads:

> **"(b) How to Present Defenses.**
> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> ….
>     (2) lack of personal jurisdiction;
> ….
> No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading…."

The present action by the Plaintiff was filed under docket number 11 cv 5100, a copyright infringement case which named a number of defendants, but which alleged no common or similar action among them. For that reason, Judge Chang ordered the claims separated and re-docketed; Plaintiff's claim against Mr. Terry alone was then assigned to this court with a new case number. However, Defendant Terry previously filed an answer to Plaintiff's complaint in case 11 cv 5100 which, at paragraph 5, expressly and unmistakably denies personal jurisdiction over

himself in Illinois. For that reason, the issue has not been waived, and is now properly raised before this court.

Plaintiff refers to language allegedly involved in its transactions with Defendant Terry, although nothing is presented which shows any execution of a jurisdiction/venue agreement by Mr. Terry. Plaintiff's quoted language provides that the customer consents to jurisdiction in *either* Florida or Illinois (but not both). Mr. Terry cannot contest jurisdiction of himself in Florida – he lives and works there. He consents to be sued there and this motion asks that the case be either dismissed and re-filed there, or transferred pursuant to 28 U.S.C §1404(a). The "forum selection" clause to which Plaintiff refers does not state whose option the Illinois/Florida selection may be, and here the Defendant needs the Florida option in order to appear personally and defend himself. The failure of the forum selection clause to state that the option is reserved to the Plaintiff alone should be construed against the Plaintiff as the drafter of the provision, under the familiar principles of contract construction.

**Motion to Transfer for Forum Non Conveniens**

28 U.S.C §1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought….

Plaintiff argues that its professional staff and computer servers are located in Chicago and that therefore it would be inconvenient for the Plaintiff to litigate this action in Florida. But Plaintiff's own Response to this motion, and its attached exhibits belie this contention.

First, the very language to which the Plaintiff suggests Mr. Terry agreed holds Florida and Illinois as equal options for jurisdiction and venue. (Plaintiff's Response, Sec II, p.4 of 15). Exhibits attached to Plaintiff's Response indicate that its Florida office is much more than just a mailing address:

Exhibit 1 contains the following language:

"Flava Works designated Copyright Agent to receive notifications of claimed infringement is as follows:
Flava Works, Inc.
Attn: Intellectual Property Counsel
2610 North Miami Ave.
  Miami, FL"

And at the end of the document:

"All content and images herein are in full compliance with the requirements of 18 U.S.C. 2257 and associated regulations. All models'
proof of age are held by the Custodian of Records:
E Welch
2610 North Miami Avenue
Miami, FL 33127-4438"

No Illinois address or location for the Plaintiff is stated anywhere in the entire document.

Exhibit 2 states:

"No material found or located on any Flava Works Site may be reproduced or used for commercial purposes without the prior written permission of Flava Works Inc. You may write or fax Flava Works, Inc. to request permission at the following address:
Flava Works, Inc.
Attn: Rights & Permissions
2610 North Miami Ave. Miami, FL"

And at the end:

"11.2. Official correspondence must be sent via postal mail to:
Flava Works, Inc.
Attn: General Counsel
2610 North Miami Ave.
  Miami, FL 33127-4438"

Again, no Illinois location is stated for any office, officer or employee of the Plaintiff, and Plaintiff's Exhibits 3, 4, 5, 6, and 7, the agreements, all contain essentially the same language as that quoted above.

The language of these agreements on which Plaintiff relies for its proposition that Mr. Terry consented to Illinois jurisdiction, and which it quotes in its

Response, appears briefly and in small print under section #11, "Miscellaneous". There it states that Plaintiff consents to one venue *or* the other: Florida or Illinois, for "any action to enforce this agreement". Such language would allow Mr. Terry himself the right to select Florida *or* Illinois as a venue in the unlikely event that he himself were to sue to enforce the agreement.

     To conclude: Florida is one of two venues expressly approved by the Plaintiff for its litigation; indeed, it can compel residents of other states to appear and defend in Florida if they are in fact bound by one of Plaintiff's form agreements. In this case Florida is the only venue where Defendant Terry can reasonably appear and defend himself. Mr. Terry therefore respectfully requests that this case be ordered transferred to the District Court for the Middle District of Florida pursuant to 28 USC 1404(A).

/s/ Douglas W. Graham  1029401
Attorney for Defendant Terry
29 South LaSalle St.    330
Chicago, Illinois    60603
(312)   236-2931